Order may be drawn in accordance with this opinion.

### WICKS
### v.
### SOUTHERN PAC. CO.
### JENSEN
### v.
### UNION PAC. R. CO. et al.
### Nos. 16189, 16305.

United States District Court
S. D. California, Central Division.
May 26, 1954.

Hill, Farrer & Burrill, Los Angeles, Cal., for plaintiffs.

C. W. Cornell, E. D. Yeomans, Roger M. Sullivan and Randolph Karr, Los Angeles, Cal., for defendant Southern Pac. Co.

Lester P. Schoene and Milton Kramer, Washington, D. C., P. H. McCarthy, Jr., San Francisco, Cal., for intervening defendant, Brotherhood of Maintenance of Way Employes.

E. E. Bennett, Edward C. Renwick, Malcolm Davis, Jack Crumley and Donald M. Ladd, Jr., Los Angeles, Cal., for defendant Union Pac. R. Co.

Irl Davis Brett, Los Angeles, Cal., Mulholland, Robie & Hickey, Washington, D. C., for intervening defendant Brotherhood of Railway and Steamship Clerks, Freight Handlers, Express and Station Employes.

HARRISON, District Judge.

These companion cases are suits to enjoin the discharge of plaintiff employees by the defendants pursuant to "union shop" agreements which require the discharge of employees who fail to join the union. The plaintiff in each case is a long time employee in good standing and each has acquired valuable rights such as seniority, pass privileges and the like by virtue of his employment. They refuse to join the union on the ground that to do so would be to violate the tenets of the religious sect to which they belong. The tenets of this sect, known as the Plymouth Brethren, forbid them from joining any organization composed in any part of non-members of the sect and they believe the unions to be such organizations. In response to their refusal the railroads and the union have entered into a supplemental agreement which would excuse the plaintiffs from any duties of membership, including the taking of the oath, save that they would be required to pay the same dues and assessments required of other members. Believing that even this requirement would violate their religious beliefs the plaintiffs continue their refusal.

Under the terms of the agreement the unions are to indemnify the railroads for any losses incurred by them arising out of performance of the agreement. In order to allow the unions to protect their interests they have been permitted to intervene. The intervenors have made a motion for summary judgment and it appearing that there are no issues of fact in dispute, the motion is in order. The original defendants have not joined in this motion but have conceded in oral argument that there are no issues of fact to be tried. Therefore, a final disposition as to them at this time is likewise in order.

Identical legal issues to the ones presented in this case have recently been before the Court of Appeals for the Second Circuit in a case involving a strikingly similar factual situation. Otten v. Baltimore & Ohio R. Co., 1953, 205 F.2d 58. That court in an opinion by Judge Learned Hand, the dean of the federal judiciary, denied the relief prayed for on the merits and specifically held that the case was not one calling for a three-judge court under 28 U.S. C.A. § 2282. The only material difference between that case and this is that of the place where the events occurred. Judge Hand suggested that if the New York law, the place of the contract and of the employment forbade the union shop, which it did not, then a constitutional question might plausibly arise. In California, the place of this contract and of the plaintiffs' employment, as in New York, there is likewise no prohibition on the union shop agreement. Colgate-Palmolive-Peet Co. v. N.L.R.B., 1950, 338 U.S. 355, 70 S.Ct. 166, 94 L.Ed. 161, 31 California Law Review 16. Thus the reasoning of the court in the Otten case is equally applicable here.

This court has considered the legal issues present in this case independently of the Otten case and in doing so has considered plaintiffs' contention that the Eleventh subsection of the Railway Labor Act, 45 U.S.C.A. § 152, was beyond the legislative power of Congress. In this connection the Texas and Nebraska state trial court holdings cited as authority for the proposition have not been overlooked but I am not in accord with the views of these courts because of the difference in the laws of the states involved, assuming that the state laws can control an act of Congress in this field. Notwithstanding this contention, which plaintiffs urge was not considered in the Otten case, this court is of the opinion that the reasoning of the court in that case is very persuasive here. I feel that Judge Hand's reasoning is unassailable notwithstanding slighting comments of counsel.

The court in the Otten case held that there was no substantial constitutional question presented calling for a three-judge court, because the challenged statute did not affirmatively legalize union shop contracts and that in any event the plaintiff was not enti-

tled to the relief prayed for on the merits because the action of which he complained was not discriminatory. This court agrees with and adopts that holding. As a separate reason for denying relief, I also hold that the plaintiffs are not entitled to protection of the First Amendment of the United States Constitution because that amendment protects only against congressional action and it is not shown here that the action complained of is congressional. Reynolds v. United States, 1878, 98 U.S. 145, 25 L.Ed. 244.

Assuming by way of argument that there was congressional action present here, still the protection of the First Amendment could not be validly invoked by these plaintiffs. That amendment protects against prohibitions. This feature of the case is similar to a case recently decided by the Court of Appeals for the Seventh Circuit. Mitchell v. Pilgrim Holiness Church Corp., 7 Cir., 1954, 210 F.2d 879, 883 (Certiorari denied 74 S.Ct. 867). In that case a corporation engaged in religious work claimed to be exempt from the coverage of the Fair Labor Standards Act, 29 U.S.C.A. § 201 et seq., on the ground that to subject it to that Act would be to prohibit the free exercise of religion. This claim was rejected, the court saying: "We think that all of the above cases on which the defendant relies [cases in fact involving prohibitions on the free exercise of religion] are distinguishable from the instant case. The Fair Labor Standards Act does not in this case prohibit the free exercise of religion * * *." Nor can it be said that the plaintiffs' right to worship as they see fit has been prohibited or restricted before this court.

It is true that the plaintiffs have accrued valuable rights such as seniority, retirement and pass privileges by virtue of their long time employment. These rights, however, are not constitutional but are contractual. Colbert v. Brotherhood of Railroad Trainmen, 9 Cir., 1953, 206 F.2d 9, McCormick, J.

In deciding this case I am fully aware that the question of "union shop" and "closed shop" presents a highly controversial issue, in which our people have divergent opinions. I feel the problems involved are legislative rather than judicial. In deciding cases involving such problems, it is not the function of this court to interject personal views but to endeavor to follow the law as the court finds it under the guidance of courts of superior authority, otherwise, decisions could very easily become the laws of men controlled by the individual views of the judge. I do not feel that a trial court should set at naught an act of Congress, unless it feels that such act is unconstitutional beyond a reasonable doubt. Whenever minds of men differ on such questions as herein involved such issues should be determined by a court that can bring finality to the question in dispute.

I believe my conclusions are in accordance with the rulings of the Supreme Court in Nicol v. Ames, 1899, 173 U.S. 509 at page 514, 19 S.Ct. 522 at page 525, 43 L.Ed. 786, wherein it said:

"It is always an exceedingly grave and delicate duty to decide upon the constitutionality of an act of the congress of the United States. The presumption, as has frequently been said, is in favor of the validity of the act; and it is only when the question is free from any reasonable doubt that the court should hold an act of the lawmaking power of the nation in violation of that fundamental instrument upon which all the powers of the government rest."

See also Crowell v. Benson, 1932, 285 U.S. 22, 63, 52 S.Ct. 285, 76 L.Ed. 598; Arkansas Fuel Oil Co. v. State of Louisiana ex rel. Muslow, 1938, 304 U.S. 197, 58 S.Ct. 832, 82 L.Ed. 1287.

The temporary restraining orders heretofore granted are hereby dissolved and the applications for permanent injunctions are hereby denied and said motions for summary judgments are granted. The applications for three-judge court are denied for the reasons herein stated.